AMBERLEY COMMUNITY ASSOCIATION, INC. ET AL. *v.* BOARD OF APPEALS OF ANNE ARUNDEL COUNTY ET AL.

[No. 346, September Term, 1961.]

262

*Decided July 6, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Eleanor A. Crawford* for the appellants.

*Jerome F. Connell* for the Board of Appeals of Anne Arundel County, one of the appellees.

*Wilbur R. Dulin,* with whom were *Hyman Ginsberg* and *Ginsberg & Ginsberg* on the brief, for Oakhill Farms, Inc., the other appellee.

BRUNE, C. J., delivered the opinion of the Court.

In this zoning case the Circuit Court for Anne Arundel County affirmed the action of the Board of Appeals of that County in granting a special exception permitting the use of land then owned by Nancy A. Parr for tavern and motel purposes. Owners of property in the neighborhood and a neighborhood association (the right of which to maintain this suit has not been challenged) appealed from the order of the Circuit Court. The appellees are the Board of Appeals and the successor in interest of Nancy A. Parr, who died while this appeal was pending.

The land in question is a part of a tract known as the Parr tract, which abuts upon a service road on the south side of the Revell Highway, Maryland Routes 50 and 301, about a mile west of the western end of the Chesapeake Bay Bridge. This tract also abuts in part upon Whitehall Creek, and the protestants-appellants' properties are across that creek in a community known as Amberley. In 1956, on the application of J. Donaldson Parr, the husband of Nancy A. Parr, the Board of Appeals granted a similar special exception to All States Corp. in which Mr. Parr was interested and for which he was acting. Litigation ensued to upset the grant, but this either was not pressed to a conclusion or resulted in favor of the validity of the special exception. Construction contemplated under it was not, however, commenced in time, the exception lapsed and Mr. Parr died. Subsequently, in October, 1960, Mrs. Parr filed the application which gives rise to the present suit.

The Board of Appeals conducted a public hearing on the application on the evening of November 9, 1960, at which a fairly large number of protestants and their then counsel (not their counsel on this appeal) were present. Proceedings opened with statements by or on behalf of the applicant to the effect that this application was the same as that which had been presented and approved in 1956. Both applications (apparently) described the property for which the special exception was sought as containing 5.56 acres and as being zoned Heavy Commercial. The balance of the Parr tract was zoned as Agricultural. It developed in the present proceedings that only 5.1 acres were zoned Heavy Commercial. The Board of Appeals did not have power to grant a special exception for tavern and motel use for land in an Agricultural zone.

There was some confusion as to just where the 5.1 acres were located, but it seems that this either has been or can be determined definitely from the plats filed in these proceedings and from the Official Zoning Map of the area. The resolution of the Board granting the special exception, which was adopted on November 30, 1960, describes the property as being

"located in a Heavy Commercial Zone." The Board of Appeals disclaims any intention to grant this special exception with respect to land outside that zone, and the other appellees agree that it is so limited. It would, of course, be invalid under the Ordinance with respect to land zoned as Agricultural. We think the appellees are bound by this concession both in this proceeding and in any use which those to whom the special exception has been granted or their successors in interest may wish to make of any parts of the Parr tract which, though shown on plats or included within the description of the area for which the exception was sought, were not zoned as Heavy Commercial when the resolution granting the application was adopted. With the extent of the special exception thus limited, and on the basis that the exact location of the 5.1 acres is definitely determined or determinable, the objections of the appellants to the resolution on the basis of uncertainty lose their force and do not call for a reversal of the order of the Circuit Court or of the action of the Board of Appeals. We may note that there is some doubt as to whether this question was actually presented to and passed upon by the Circuit Court and hence whether it is properly before us. We have, however, considered it as if this doubt were not present.

The appellants also contend that the plans and specifications of the proposed motel and tavern submitted to the Board of Appeals were not sufficient to comply with the minimum requirements set forth in Ch. 35 of the *Anne Arundel County Code* (1957), § 35-115 (a) (2) relating to taverns, and § 35-115 (f) (2) relating to motels. Involved with this contention is a further contention based upon the fact that no plans or specifications were physically before the Board at the time of the public hearing.

We shall deal first with the contention last stated. Plans and drawings apparently prepared before the expiration of the 1956 special exception had been submitted in accordance with usual practice to the Board of Appeals in support of the 1960 application and had been transmitted to the County Department of Health for its consideration and report,—and were still in the office of that Department at the time of the hear-

ing. The Health Officer wrote and delivered to counsel for the protestants, late in the afternoon preceding the hearing, a letter stating that the Department was not then able, pending soil tests, to give its approval to the project and that it could then find no record of having approved the 1956 application covering the same property. It appears from the record that counsel for the protestants had examined the plans at the office of the Health Department.

When this matter came up before the Board of Appeals, the Chairman offered to continue the hearing until a date when the plans could be physically presented, but counsel for the protestants explicitly declined this offer and elected to go ahead with the hearing. We think that the protestants therefore have waived any objection on this score. The plans had actually been submitted to the Board of Appeals and they were returned to it before the resolution was adopted.

The appellants also contend that the Board improperly admitted all evidence on the 1956 application, though it was not produced at the hearing. The Board, however, on the advice of its counsel, did not make any blanket admission of evidence from the 1956 proceedings, but did consider the fact that a special exception had been previously granted. There is nothing to show a departure from that ruling. Its consideration of the reoffered plans, above discussed, could hardly be regarded as such a departure.

It does appear that the plans as included in the record are rather scanty in some respects, particularly as to the fireproof or fire-resistant qualities of the materials to be used in the construction of the motel. We do not think, however, that detailed plans and specifications, such as would be contained in a building contract are called for under either of the pertinent sections of the Zoning Ordinance. The resolution of the Board of Appeals states that the Board was of the opinion, from the testimony, exhibits and other evidence presented before it, that the request for a special exception fully complied with the provisions of §§ 35-115 (a) and 35-115 (f) of the Zoning Ordinance, and on the record before us we cannot say that the Board did not have before it "adequate drawings, specifications and other material * * * giving evidence" of

meeting the requirements of sub-paragraphs (a)-(g) of § 35-115 (f) (2), which include that relating to fireproof and fire-resistant materials.

A major ground of attack is the alleged inadequacy of sewage disposal facilities and the danger of pollution of the near-by creek. As to this, the Board of Appeals did not act until after it had received the preliminary approval of the applicant's plans by the Department of Health. We can find nothing arbitrary in the Board's reliance upon the opinion of the Health Department with regard to that question, which is a matter peculiarly within the competence of that Department. The Board was not obliged to accept the contrary views of one or more neighbors who were laymen in that field.

The appellants also vigorously attack the need for another tavern and motel in the area. Any requirement that the Board of Appeals find a need for the special exception is found in § 35-115 (a) (4) dealing with taverns, rather than in § 35-115 (f) dealing with motels. The evidence that there is no need for another tavern or motel in this vicinity comes almost entirely from competitors. The evidence of any such need may not be impressive to us, but we cannot say that the action of the Board of Appeals on this phase of the matter is devoid of support and therefore arbitrary. The highway upon which the property abuts is heavily traveled, and there is in the record an appraiser's report which gives support to the contention of need for more facilities of the sort here in prospect in this area.

We shall not prolong this opinion by discussing at length well established rules of law relating to special exceptions. They are fully covered by *Montgomery Co. v. Merlands Club, Inc.*, 202 Md. 279, 96 A. 2d 261, and a number of other cases.

The plans submitted by the applicant and the appraiser's report indicate that not only a tavern and motel are contemplated, but also a marina on the nearby creek. The controversy over the exact location of the area zoned as Heavy Commercial has clearly developed the fact that this area does not touch upon the creek and that the area of the proposed marina is cut off from the motel and tavern area by a part of the Parr tract zoned as Agricultural. It is conceded by the appellees

that the special exception does not extend to the area of the proposed marina and that a marina cannot be established at the desired location without a rezoning of land now zoned as Agricultural. This case is concerned only with the special exception for motel and tavern purposes for a part of the Parr tract which has been zoned as Heavy Commercial, and it has nothing to do with the rezoning or possible rezoning of any other part of the Parr tract for use as a marina.[1] In the light of this fact and of the above concession, nothing said in this opinion can be considered as in any way expressing or implying approval of the establishment of the proposed marina or of any rezoning to make it possible.

Since we think that the trial judge was correct in finding that there was no arbitrary or otherwise illegal action on the part of the Board of Appeals, the order appealed from must be affirmed in accordance with the settled rule that the courts may not overturn the action of such a Board when the propriety of its action is at least fairly debatable. *Loyola Federal Svgs. & Loan Assn. v. Buschman,* 227 Md. 243, 176 A. 2d 355 (a variance case).

*Order affirmed, with costs.*

---

1. With regard to problems relating to the zoning of water areas, in Anne Arundel County, see *Rose v. Paape,* 221 Md. 369, 157 A. 2d 618. We are not advised of any statutory change or change in the Zoning Ordinance relating thereto since that case was decided.