492 A.2d 984

**John D. MITCHELL, Sr.**

v.

**GOODYEAR SERVICE STORE, et al.**

**No. 1378, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 23, 1985.

Clay M. Barnes, Towson (Barnes and Raine, P.A., Towson, on the brief), for appellant.

Marlene Trestman, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief for appellee Workmen's Compensation Com'n), for appellees.

Argued before GILBERT, C.J., and BISHOP and GETTY, JJ.

GILBERT, Chief Judge.

This is, to say the least, an unusual appeal. It is unusual for a number of reasons. First, the appellant, John D. Mitchell, Sr., is not really the appellant. Instead, the real parties in interest are Mitchell's counsel, Clay M. Barnes, Esq. (Barnes), and the law firm of Barnes and Raine, P.A. Second, the appellee, Goodyear Service Store, is not the true appellee, inasmuch as Goodyear, to use the vernacular, "could care less" about the outcome of this appeal. The true appellee, whose status as such is somewhat dubious, is the Workmen's Compensation Commission. How and why they appear here is a story we are about to relate.

Mitchell was employed by Goodyear as an automobile mechanic. In January, 1979, in a work related accident, he injured his left eye and within a week of the infliction of the injury became substantially blind in that eye. Approximately six months later Mitchell suffered a massive heart attack. His physicians advised him that he could not return to his occupation as an automobile mechanic.

Mitchell filed a claim with the Workmen's Compensation Commission alleging that his heart condition was causally related to the loss of his eye, and that he was permanently and totally disabled. Following an evidentiary hearing, the Commission found that Mitchell's heart condition was not causally related to the eye injury, and that he was not permanently and totally disabled, but was permanently partially disabled. The Commission awarded Mitchell $58,200. It approved a counsel fee for Barnes of $6,100, a sum that approximates 10.5 percent of the award to Mitchell.

Mitchell, apparently dissatisfied by the Commission's decision with respect to his disability, appealed to the Circuit

Court for Baltimore County. The case was tried *de novo* before a jury. Those fact finders disagreed with the Commission and found that the claimant was permanently and totally disabled as a result of his accidental injury. As a result of the jury's verdict and judgment thereon, Mitchell's award was grounded on the "serious disability" provision of Md.Ann.Code art. 101, § 36(4a). It was directed that Mitchell be paid compensation at the rate of $220 per week for the balance of his life. Barnes calculated that based on Mitchell's age and the average life expectancy for a white male of that age, Mitchell will collect $303,106, a sum that is more than $245,000 in excess of the initial amount awarded by the Commission.

Barnes then filed a second counsel fee petition with the Commission. He requested an additional fee of $12,500, which totals approximately 5 percent of the $245,000 figure. The Commission held a hearing on the petition and approved a counsel fee of $4,000. Patently dissatisfied, Barnes appealed to the Circuit Court for Baltimore County. In addition to the party-respondents, Goodyear, its insurer, Travelers Insurance Company, and the Subsequent Injury Fund, the Commission, represented by the Attorney General, entered the case as a party respondent. Barnes challenged the standing of the Commission to enter the appeal; however, the trial court (Hinkel, J.) permitted the Commission to continue as a party.

Judge Hinkel reviewed the Commission's order and issued a memorandum opinion in which he reversed and remanded the case to the Commission. The judge found that the Commission, by not properly hearing and determining the issue, failed to exercise its statutory authority to determine counsel fees. According to Judge Hinkel, statements made by the Workmen's Compensation Commissioner indicated that the Commissioner had predetermined the issue and that the amount of the fee requested by Barnes "shocked" the Commission. The trial court stated that although the court is not authorized to set the amount of the fee, it nevertheless believed the $4,000 fee inadequate.

On appeal to this Court, Barnes argues that he was entitled to a *de novo* trial before the circuit court on the question of the amount of the attorney's fee. We disagree.

Md.Ann.Code art. 101, § 57 concerns attorney's fees in workmen's compensation cases. That section provides, in pertinent part:

"If the Commission or the court before which any proceedings for compensation or concerning an award of compensation have been brought under this article, determines that such proceedings have not been so brought upon reasonable ground, it shall assess the whole cost of the proceedings upon the party who has so brought them, including a reasonable attorney's fee. No person shall charge or collect any compensation for legal services in connection with any claims arising under this article, or for services or treatment rendered or supplies furnished pursuant to § 37 of this article, unless the same be approved by the Commission.... Upon application of any party in interest, the Commission shall have full power to hear and determine any and all questions which may arise concerning legal services rendered in connection with any claim under this article and may order any attorney or other person receiving the same, to refund to the person paying the same, any portion of any charge for legal services which the Commission may, in its discretion, deem excessive. Orders of the Commission regulating payments and refunds for legal service may be enforced in the courts of this State, or may be appealed from in like manner as awards for compensation under this article."

The manner in which other awards for compensation may be appealed is addressed in § 56. It provides, in pertinent part:

"(a) Appeals to local courts; proceedings; jury trial.— Any employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission affecting his interests under this article, may have the same reviewed by a proceeding in the nature of an appeal and

initiated in the circuit court of the county having jurisdiction over the place where the accident occurred or over the person appealing from such decision, and the court shall determine whether the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the article, and whether it has misconstrued the law and facts applicable in the case decided.

. . . .

If the court shall determine that the Commission has acted within its powers and has correctly construed the law and facts, the decision of the Commission shall be confirmed; otherwise it shall be reversed, modified, or remanded to the Commission for further proceedings. Upon the hearing of such an appeal the court shall, upon motion of either party filed with the clerk of the court according to the practice in civil cases, submit to a jury any question of fact involved in such case provided, however, that, until June 1, 1983, in all appeals in which occupational diseases are involved, the findings of fact by the Commission shall be final and not subject to review or modification by the court or be submitted to a jury. The proceedings in every such an appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced."

■ We make manifest that it is case law and not § 56 that decrees that an appeal of a workmen's compensation matter to the circuit court is to be tried *de novo*. *Turner v. State,* 61 Md.App. 393, 486 A.2d 804 (1985); *Montgomery Ward & Co. v. Bell,* 46 Md.App. 37, 415 A.2d 636 (1980).

Because § 57 states that an award of counsel fees should be "appealed from in like manner as awards for compensation under this article," there is immediately created an inference that counsel fee appeals pursuant to § 57 are also to be tried *de novo*. That inference is not a correct one, however. This Court in *Mayor of Baltimore v. Bowen,* 54 Md.App. 375, 385, 458 A.2d 1242, 1248 (1983), observed that,

"[s]ection 57 states that the appeal shall be 'in like manner' as appeals from compensation awards which would seem to refer to the procedure for taking the appeal, not what the court may do with it."

 Section 57 provides that attorneys may appeal to the circuit court, and that appeal is governed by Maryland Rules B1–B13, just as are appeals from other administrative agencies. The § 57 proviso that attorney's fees may be appealed in a "like manner" as compensation awards, does not entitle attorneys to a *de novo* trial in the circuit court. What § 57 specifically indicates is that the Commission "shall have full power to hear and determine any and all questions which [arise]." The agency's expertise in setting attorney's fees in workmen's compensation cases is not to be undermined. *See Resetar v. State Bd. of Education,* 284 Md. 537, 554, 399 A.2d 225, 238–39, *cert. denied,* 444 U.S. 838, 100 S.Ct. 74, 62 L.Ed.2d 49 (1979); *Grosman v. Real Estate Comm'n,* 267 Md. 259, 265, 297 A.2d 257, 260 (1972); *Mayor of Baltimore v. Bowen,* 54 Md.App. 375, 386, 458 A.2d 1242, 1249 (1983).

 We conclude that Judge Hinkel properly declined to grant Barnes a *de novo* trial on the question of the amount of counsel fee to be awarded. The question of counsel fees is to be determined in the first instance by the Commission. If, on appeal to the circuit court, the fee is adjudged improper, the matter should be remanded to the Commission under appropriate instructions.

Section 56 does, however, apply to the instant case, but only insofar as it establishes the standard of review to be employed by the circuit court. That standard, as embodied in the statute, contains a three pronged test:

1) "whether the Commission has justly considered all the facts concerning the injury";

2) [2] "whether it has exceeded the powers granted it by the article";

3) "whether it has misconstrued the law and facts applicable in the case."

In *Bowen,* we said that the first tine of the test obviously does not apply to attorney's fees. The second and third tines amount, in essence, to a determination by the circuit court as to whether the Commission abused its discretion. This Court, in turn, decides whether the circuit court erred in making that decision.

With those standards firmly in mind, we now focus upon the fee awarded by the Commission with respect to the projected figure of $245,000 in compensation benefits. Of course, that figure, based on life expectancies, is but an educated guess grounded on statistics and, as such, subject to the unexpected.

The Commission has issued a "Statement of Policy for the Approval of Attorney's Fees." According to that policy, "where there is an appeal from an award of the Commission to a *nisi prius* court, the attorney may be allowed an additional 5% of the award on the condition the case is *actually tried* on appeal."

■ The fee requested by Barnes in the instant case is approximately 5 percent of the additional possible $245,000 award. The $4,000 awarded Barnes by the Commission, as an additional fee, amounts to 1.6 percent of the $245,000. Although the policy statement provides a maximum fee and not an entitlement (*see Bowen* at 386, 458 A.2d at 1249), the Commission may not set fees so cheeseparingly as to deprive claimants of the practical ability to obtain competent counsel. *See Bowen* at 386, 458 A.2d 1249; 3 A. Larson, Workmen's Compensation Law § 83.16 (1982 ed. & Supp. 1984); *Cline v. Warrenberg,* 109 Colo. 497, 126 P.2d 1030 (1942) (denying claimants the right to competent legal representation by fixing niggardly attorney's fees may constitute a denial of due process).

We agree with the circuit court that statements made by the Commissioner, "indicate that he had decided at the outset of the hearing, and before any argument or evidence was presented, that the requested fee would not be grant-

ed." At the commencement of the hearing on the counsel fee, the Commissioner said:

> "[T]hat I will unquestionably award additional compensa-
> tion to you for your actions on appeal, is true. I doubt
> seriously that I would award you $12,500, which would
> increase your fee to $18,600 ... I know of only one fee
> that's been awarded like that, and that shocked the entire
> balance of the Commission, and the entire legal communi-
> ty that heard about it, in terms of a compensation case."

The Commissioner further expressed concern that Barnes used life expectancy tables in computing the size of the claimant's award. The Commissioner opined:

> "[T]here is no basis of the allegation that he [the claim-
> ant] will receive in excess of $250,000. He'll get it if he
> lives, and unless you can assure me that he will do that
> ... [incomplete sentence]."

The claimant, Mitchell, at the suggestion of Barnes, made affidavit that he approved of the requested $12,500 fee, even though he knew that the Commission had awarded Barnes only $4,000. Barnes informed us on oral argument that Mitchell consulted another attorney before subscribing the affidavit.

■ In light of the Commissioner's statements, the claim-ant's acquiescence, and the large discrepancy between the 5 percent figure contained in the guidelines, as compared with the 1.6 percent actually awarded, we hold that Judge Hinkel did not err in determining that the parsimonious $4,000 fee was inadequate.

■ Furthermore, the trial judge was correct in remand-ing the case to the Commission rather than setting the amount of the fee. The circuit court was acting in an appellate and not a trial capacity. Remanding the case to the Commission "[p]reserve[s] both the Commission's au-thority to set the fee and counsel's 'right' of judicial review under § 57." *Bowen*, 54 Md.App. at 387, 458 A.2d at 1249.

■ The reason that the Commission is empowered to set the amount of the attorney's fees is to prevent any unscrupulous members of the Bar from exacting excessive fees from injured claimants. The fee should be in an amount that is fair and reasonable to claimant and counsel alike.

■ The award of counsel fee should be on the basis of the work performed and the result obtained. The Commission should never use the setting of fees as a methodology for exerting punitive measures on counsel. No judicial or quasi-judicial officer should take personal umbrage because he or she is reversed by a higher tribunal. In so commenting, we are not to be understood as attributing any improper motive to the Commission in the matter *sub judice.* Rather, we use this opportunity to comment on the subject purely in an academic vein.

The circuit court did err in allowing the Commission to enter the case as a party.

■ It is well established that usually an administrative agency may not appeal from a judgment of a court reversing the agency's order or decision. *Maryland Board of Registration for Professional Engineers v. Armacost,* 286 Md. 353, 407 A.2d 1148 (1979); *Maryland Board of Pharmacy v. Peco, Inc.,* 234 Md. 200, 198 A.2d 273 (1964). The Court of Appeals has indicated that, "As a general rule a court or a board exercising judicial or *quasi* judicial functions, not being a party to its proceedings, and not having any legal interest in maintaining its determination, can neither appeal from a judgment or order of a court revising the proceeding nor be heard on the appeal." *Board of Zoning Appeals v. McKinney,* 174 Md. 551, 563, 199 A. 540, 545 (1938) (quoting 3 C.J.S. *Appeal and Error* § 660).

In *Evertsen v. Industrial Commission,* 117 Ariz. 378, 573 P.2d 69 (1977), the Court of Appeals of Arizona held that the authority of the commission to appear on an appeal of a workmen's compensation award was limited to "those instances where, as an advocate, the Commission has a legitimate interest to propose or defend." Defending a

hearing officer's award on appeal, the court said, was not such a legitimate interest. The Arizona court concluded that the commission's impartial character would be destroyed by such action and participation by the Commission would be too much of a burden and expense.

Several states, by specific statutory provision, do permit a commission to be a party on appeal. *See Matthews v. Industrial Commission,* 44 Colo.App. 159, 609 P.2d 1127 (1980) (in Colorado the commission is, by statute, an indispensable party to an action to review an order of the commission); *Hunter v. Department of Industry, Labor & Hum. Rel.,* 64 Wis.2d 97, 218 N.W.2d 314 (1974) (Wisconsin statute mandates that the Department of Industry, Labor & Hum. Rel. is a party defendant in a petition for circuit court review). The same is true in New York State. N.Y. Workers' Compensation Law § 23 (McKinney 1982 & Supp. 1984) (the Workers Compensation Board is a party to every appeal of its orders.) California follows a similar course. Cal.Lab.Code § 5953 (West 1971 & Supp.1985) (the workers' compensation appeals board shall have the right to appear in a review proceeding).

The Maryland Workmen's Compensation Act does not provide that the Commission may be a party to appeals from its decisions whether they concern the claimant, the insurer or self-insurer, the Subsequent Injury Fund or the claimant's attorney in pursuit of a fee. We perceive no reason why we should endeavor to carve out an exception to the general rule pertaining to appeals by administrative agencies so as to allow the Commission to be a party in attorney fee controversies. We, therefore, hold that the Workmen's Compensation Commission is devoid of standing and is an interloper, an improper party, to this appeal. In any event, the Commission's participation does not require a reversal or remand of the circuit court's judgment.

Because the Commission is, in our view, improperly before us as a party, we shall assess against the Commission one-half of the costs of this appeal.

JUDGMENT AFFIRMED. COSTS TO BE DIVIDED EQUALLY BETWEEN BARNES AND RAINE, P.A. AND THE WORKMEN'S COMPENSATION COMMISSION OF MARYLAND.