506 A.2d 1178

**John D. MITCHELL, Sr.**

v.

**GOODYEAR SERVICE STORE et al.**

No. 112, Sept. Term, 1985.

Court of Appeals of Maryland.

April 7, 1986.

Clay M. Barnes (John E. Raine III and Barnes & Raine, P.A., on brief), Towson, for appellant.

Diana G. Motz, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Marlene Trestman, Asst. Atty. Gen. and Andrew H. Baida, Sp. Asst. Atty. Gen., on brief), Baltimore, for appellee Workmen's Compensation Comn.

No brief filed by Goodyear Service Store, other appellee.

Argued before SMITH, Judge, and ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

SMITH, Judge.

We shall hold in this case that an appeal to the circuit court of the amount of an attorney's fee in a workmen's compensation case is not to be tried de novo. We also shall hold that under the circumstances of this case the Workmen's Compensation Commission is entitled to appear as an appellee in the circuit court, the Court of Special Appeals, and this Court. Hence, we shall affirm the judgment of the Court of Special Appeals in *Mitchell v. Goodyear Service Store*, 63 Md.App. 426, 492 A.2d 984 (1985). We disagree with its conclusion relative to the Commission, however.

I

John D. Mitchell was injured in a work-related accident while in the employ of Goodyear Service Store. He filed a

claim with the Commission. An award was made in the amount of $58,200. The Commission awarded a fee in the amount of $6,100 to Clay M. Barnes, Esq. No question is raised in this appeal regarding that fee.

Mitchell entered an appeal to the Circuit Court for Baltimore County. This resulted in his obtaining a "serious disability" award of $220 per week for life, estimated, so appellant's brief says, "to be $303,106 or over $245,000 in excess of the initial amount awarded by the Commission, not including medical expense benefits." Counsel sought an additional fee of $12,500. The Commission allowed $4,000.

The attorney entered an appeal to the Circuit Court for Baltimore County. The Commission contested the appeal in that court. Counsel sought a de novo trial on the issue of the fee. This was denied. The trial judge relied upon *City of Baltimore v. Bowen,* 54 Md.App. 375, 458 A.2d 1242 (1983), in his determinations relative to the fee. He concluded that "[t]he Commission did not follow the statutory mandate to 'hear and determine' the issue of the amount to which Mr. Barnes is entitled." He said:

> "Although this Court is not authorized to set a fee, it appears that the $4,000.00 in this case is inadequate. Therefore, the Commission must conduct further proceedings to make its own determination as to the amount counsel should be awarded. *Mayor & City Council of Baltimore v. Bowen,* 54 Md.App. 375, 385 [458 A.2d 1242] (1983)."

An appeal to the Court of Special Appeals followed. That court said:

> "We conclude that Judge Hinkel properly declined to grant Barnes a *de novo* trial on the question of the amount of counsel fee to be awarded. The question of counsel fees is to be determined in the first instance by the Commission. If, on appeal to the circuit court, the fee is adjudged improper, the matter should be remanded to the Commission under appropriate instructions.
>
> \* \* \* \* \* \*

"In light of the Commissioner's statements, the claimant's acquiescence, and the large discrepancy between the 5 percent figure contained in the guidelines, as compared with the 1.6 percent actually awarded, we hold that Judge Hinkel did not err in determining that the parsimonious $4,000 fee was inadequate." 63 Md.App. at 433–35, 492 A.2d at 988–89.

It concluded, however, that "[t]he circuit court did err in allowing the Commission to enter the case as a party," holding "that the Workmen's Compensation Commission is devoid of standing and is an interloper, an improper party, to this appeal." 63 Md.App. at 436–37, 492 A.2d at 990.

We granted a writ of certiorari in order that we might address the important public issues here presented.[1]

## II

■ This controversy involves the proper interpretation to be placed upon Maryland Code (1957, 1985 Repl.Vol.) Art. 101, § 57. It provides in relevant part:

"No person shall charge or collect any compensation for legal services in connection with any claims arising under this article ... unless the same be approved by the Commission. When so approved, such fee or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission. Upon application of any party in interest, the Commission shall have full power to hear and determine any and all questions which may arise concerning legal services rendered in connection with any claim under this article and may order any attorney or other person receiving the same, to refund to the person paying the same, any portion of any charge for legal services which the Commission may, in its discretion, deem excessive. Or-

---

1. The petition for certiorari did not embrace the issue of whether or not the fee allowed to counsel was adequate.

ders of the Commission regulating payments and refunds for legal services may be enforced in the courts of this State, or may be appealed from in like manner as awards for compensation under this article."

Appellant seizes upon the last phrase of § 57 pertaining to appeals "in like manner as awards for compensation under this article." Counsel reasons that because appeals as to compensation are heard de novo that appeals as to attorneys' fees must likewise be so heard.

The portion of the statute pertaining to appeals was not a part of the original enactment of Ch. 800 of the Acts of 1914 but was added by Ch. 869 of the Acts of 1941. No legislative history as to the enactment of this section is available. Because in 1941 the General Assembly met every two years and the 1941 session was the next succeeding session, one may guess that perhaps this amendment in some way flowed from the Report of the Committee Appointed to Survey the State Industrial Accident Commission under the chairmanship of S. Ralph Warnken, Esq. It is found in *The Daily Record* of June 10, 1940. No recommendations pertaining to attorneys' fees are to be found in that report other than that we should have a statute in Maryland similar to § 28 of the Longshoremen's and Harbor Workers' Compensation Act. It provided that no claim for legal services should be valid unless approved by the deputy commissioner or by the court, if proceedings for review of the order of the deputy commissioner in respect of such claim or award had been before a court. The section further provided that it was a criminal offense for a person to receive "any fee, other consideration, or any gratuity on account of services so rendered, unless such consideration or gratuity is approved by the deputy commissioner or such court ...." It also was a criminal offense under that section to solicit employment for a lawyer or for one's self in respect of any claim or award for compensation. Notwithstanding the absence of other recommendations, however, some unkind words relative to lawyers' and doctors' fees are found in the report. The committee said,

"There have been many complaints on this subject. Almost all exorbitant charges by lawyers are in connection with lump sum awards." It went on to say:

"We have found instances where the claimant was quite content to receive weekly payments but was urged by his lawyer to seek a lump sum award. Some lawyers have a selfish interest in giving such advice. It enables them to collect a fee much larger in amount than would probably be approved by the Commission. Claimants therefore should be protected from unscrupulous lawyers."

Although the statute in force then contained language identical with that which we have quoted from § 57 to the effect that no fee should be charged unless the same be approved by the Commission, the committee stated:

"Before your Committee was appointed lawyers did not submit their proposed fee charge to the Commission for approval, except in cases where the compensation was payable weekly and the lawyer desired an immediate payment of his charge. Then an application would be made to the Commission for a lump sum allowance of his fee to be charged against the latest accruing weekly instalments. In such cases the amount of the fee would come to the attention of the Commission."

The committee noted that one who had just stepped down as Chairman of the Commission was of the

"view ... that the Commission has nothing to do with the amount charged by the lawyer unless a party in interest requests the Commission to pass on the matter. He entirely overlooks the fact that all requests for approval of lump sum payments are subject to the approval and within the discretion of the Commission. That gives them the right to ascertain all the facts about the use intended to be made of the money, which, of course, includes the amount to be paid to lawyers and physicians."

It alluded to the fact that the Commission was "quite free in allowing as much as 25%, or a larger percentage of an award. They seemingly never undertake to ascertain the

amount of work which the lawyer was required to perform."

Appeals pertaining to awards for compensation are governed by Code (1957, 1985 Repl.Vol.) Art. 101, § 56. It in no way mentions a trial de novo. Chief Judge Gilbert correctly said for the Court of Special Appeals "that it is case law and not § 56 that decrees that an appeal of a workmen's compensation matter to the circuit court is to be tried *de novo.*" See in this connection *Md. Bureau of Mines v. Powers*, 258 Md. 379, 382, 265 A.2d 860, 862 (1970); *Abell v. Goetze, Inc.*, 245 Md. 433, 437, 226 A.2d 253, 255 (1967); *Smith v. State Roads Comm.*, 240 Md. 525, 533, 214 A.2d 792, 796 (1967); *Richardson v. Home Mutual*, 235 Md. 252, 235, 201 A.2d 340, 341–42 (1964); *Schemmel v. Gatch & Sons, etc. Co.*, 164 Md. 671, 674, 166 A. 39, 40 (1933); *Frazier v. Leas*, 127 Md. 572, 575, 96 A. 764, 766 (1916); Note, *Appeal from State Industrial Accident Commission by Non-Appearing Party*, 6 Md.L.Rev. 316, 320–21 (1942).

The first mention we find in the reported cases of the matter of attorneys' fees and appeal is *Switkes v. John McShain*, 202 Md. 340, 96 A.2d 617 (1953). There the claimant died shortly after the State Industrial Accident Commission disallowed his claim on the grounds that the injury did not arise out of and in the course of his employment. His lawyer filed an appeal in the name of the claimant's widow and the attorneys. The appellees moved to dismiss. The Court observed:

"It is evident that the right of a lawyer to litigate, or appeal from the lower court decision, concerning a fee, arises by virtue of this Section, and is limited to the right to the fee and its size, and to the obligation to refund. Put differently, the Section says that a lawyer is a party in interest only when he has been granted or denied a fee, and in almost every instance, this is only after compensation has been awarded. If a lawyer had been deemed by the Legislature to be a party aggrieved whose interest was affected, under Section 57, it would not have been necessary or appropriate to give a specific right of appeal

as to fees in Section 58." 202 Md. at 349–50, 96 A.2d at 621–22.

The next case is *Bowen,* 54 Md.App. 375, 458 A.2d 1242, which we have already mentioned. That case was not concerned with whether such appeals are heard de novo. It did lay down criteria for review on appeal of Commission action on fees. It concluded that under the facts of that case "the appropriate thing for the court to have done was to remand the case to the Commission for reconsideration of the fee petition in light of the court's conclusions of law." 54 Md.App. at 387, 458 A.2d at 1249. This is precisely the procedure which the trial judge adopted in this case.

We agree with the Court of Special Appeals that the provisions of § 57 to the effect that attorney's fees may be appealed in "like manner" as compensation awards does not entitle litigants to a de novo trial in the circuit court. The statute provides that the Commission "shall have full power to hear and determine any and all questions which may arise concerning legal services rendered in connection with any claim under [Article 101] ...." We agree with the Court of Special Appeals that "[t]he agency's expertise in setting attorney's fees in workmen's compensation cases is not to be undermined." Barnes' contention logically could have attorney's fees subject to a jury trial if either party requested it. A jury would have no expertise on the subject of attorney's fees nor do we believe the issue to be one requiring a jury trial.

### III

An integral part of Art. 101, § 56 pertaining to appeals is § 56(c) which states:

"The Attorney General shall be the legal adviser of the Commission, and shall represent it in all proceedings whenever so requested by any of the Commissioners. In all court proceedings under or pursuant to this article, the decision of the Commission shall be prima facie correct and the burden of proof shall be upon the party attacking the same."

This precise language was a part of the original enactment of Ch. 800, Acts of 1914, being embodied in § 55 thereof. We regard it as significant that the language pertaining to the Attorney General and his representation of the Commission is not found in the statute generally as it may be relative to some agencies of the State government, but was placed in the section pertaining to appeals. We note that in *American Ice Co. v. Fitzhugh*, 128 Md. 382, 97 A. 999 (1916), decided but two years after that enactment, J. Walter Lord, Esq., Assistant Counsel for the State Industrial Accident Commission, took part in the argument "on the invitation of the Court."

In a number of our cases boards and agencies have appeared before us as appellees notwithstanding the fact that under the doctrine enunciated in *Zoning Appeals Board v. McKinney*, 174 Md. 551, 199 A. 540 (1938), and its progeny the agency might have no right to appear as an appellant. *See, e.g., American Oil Co. v. Bd. of Appeals*, 270 Md. 301, 310 A.2d 796 (1973); *Lucky Stores, Inc. v. Bd. of Appeals*, 270 Md. 513, 312 A.2d 758 (1973); *Grosman v. Real Estate Comm'n*, 267 Md. 259, 297 A.2d 257 (1972); *Jacobson v. Md. Racing Comm'n*, 261 Md. 180, 274 A.2d 102 (1971); *Amerley Community Ass'n v. Board*, 229 Md. 261, 182 A.2d 811 (1962).

In *Schauder v. Brager*, 303 Md. 140, 147, 492 A.2d 630, 634 (1985), we said, "It is intended that claimants be protected under Art. 101." We referred there to *Queen v. Agger*, 287 Md. 342, 412 A.2d 733 (1980), where we held that a health care provider could not collect from a claimant an amount for services rendered in excess of that approved by the Commission.

In this instance Mitchell, the claimant, has consented to the fee. Consequently, no appearance is entered on his behalf. The amount of the fee ultimately to be paid by the claimant means nothing to the employer or its insurance company. Their liability is not affected one whit. We do not for one minute imply that counsel in this case is

unscrupulous. The Warnken committee observed, however, in 1940, "Claimants ... should be protected from unscrupulous lawyers." If the Commission is not to be heard on the matter of a fee, there will be no one to appear before any court for the purpose of protecting claimants against unscrupulous lawyers.

Given the provision in § 56 relative to the Attorney General's appearing for the Commission, the Commission's role in protecting claimants, and the numerous cases where we have permitted boards and agencies to appear before us as appellees where it is questionable whether they would have been permitted to appear as appellants, we conclude that in a case such as this the Commission should be permitted to appear as appellee in the circuit court and in the appellate courts to argue relative to the correctness of its decision as to the attorney's fee to be allowed.[2]

JUDGMENT AFFIRMED; CASE REMANDED TO THE COURT OF SPECIAL APPEALS FOR AMENDMENT OF ITS MANDATE SO THAT THE APPELLANT PAYS THE COSTS THEREIN; APPELLANT TO PAY THE COSTS.

---

2.  We reserve the question as to whether the Workmen's Compensation Commission appearing as an appellee in the circuit court could be an appellant in the Court of Special Appeals.