594 A.2d 1232

**WORKERS' COMPENSATION COMMISSION**

**v.**

**Eric M. MAY.**

**No. 1667, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Sept. 9, 1991.

Julia M. Freit, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellant.

Eric M. May, Washington, D.C., for appellee.

Submitted before WILNER, C.J., and WENNER and HARRELL, JJ.

HARRELL, Judge.

This appeal stems from a decision by appellant, the Maryland Workers' Compensation Commission (Commission), to award appellee, Eric M. May, the attorney for a claimant, an attorney's fee of $500. Having requested a fee of $2,100, appellee noted an appeal from that decision to the Circuit Court for Montgomery County (McKenna, J.), which concluded that the Commission's decision was arbitrary and capricious, and remanded the case to the Commission for a redetermination of legal fees with the suggestion that the award of such fees be increased by at least $1,000.

In this appeal from that judgment, the Commission's sole contention is that the circuit court erred in concluding that the amount of attorney's fees awarded by the Commission was arbitrary and capricious. Perceiving no reversible error, we shall affirm the judgment.

### Facts

On the morning of 8 May 1986, Daniel Van Gorder, a route salesman employed by Shenandoah's Pride Dairy of Springfield, Virginia, injured his lower back while delivering

milk in Baltimore, Maryland.[1]   He subsequently retained
the services of appellee for the purpose of obtaining work-
ers' compensation benefits.   Appellee filed a claim, on be-
half of Mr Van Gorder, with the Commission, on 16 October
1986, and temporary total disability was awarded on 28
November 1986.   Thereafter, appellee and Shenandoah's
insurer engaged in an unspecified amount of settlement
discussions concerning the issue of permanent partial dis-
ability;   however, the discussions proved unsuccessful.
Consequently, the Commission scheduled a hearing on the
issue of permanent partial disability for 8 May 1989.

Neither appellee nor Mr. Van Gorder attended the 8 May
hearing, and the Commission rescheduled the hearing to 24
August 1989.   During the late spring of 1989, Mr. Van
Gorder discharged appellee as his attorney and personally
negotiated a settlement with his employer and the insurer
for a lump sum award of $12,075, representing a 21%
permanent partial disability, thereby rendering unnecessary
the 24 August hearing.   Prior to the Commission's approval
of the settlement, appellee, on 11 September 1989, filed a
petition for attorney's fees of $2,100 for services rendered
during his representation of Mr. Van Gorder, which he
itemized only as, "conferences with the client, numerous
telephone conversations with the claimant and carrier, re-
view of medical reports, review of vocational rehabilitation
reports, an unsuccessful hearing to obtain jurisdiction in
Virginia, communication with the treating physician, com-
munication with the Maryland Workers' Compensation Com-
mission, etc."   A settlement hearing before the Commission
was held on 7 November 1989, at which Mr. Van Gorder
appeared *pro se*.   Although appellee was provided with
timely notice of the hearing, he chose not to attend, and so
informed his former client.

---

**1.**   Mr. Van Gorder suffered another back injury in June 1988, while
working in Virginia.   That injury, however, was the subject of a claim
filed with the Virginia Industrial Commission and is not an issue in
this appeal.

During the 7 November hearing, the settlement agreement was approved, and the Commission proceeded to consider appellee's petition for attorney's fees, but indicated that perhaps another hearing would have to be held on that issue if Mr. Van Gorder did not agree with the claim. After being informed by Mr. Van Gorder that appellee had told him that he would not attend the 7 November hearing, the Commission responded, "Good. What do you [Mr. Van Gorder] think is a reasonably fair fee for any work he [appellee] did for the Maryland case?" Mr. Van Gorder replied, "I'll say $500," whereupon, the Commission allowed appellee a fee of $500.

Dissatisfied with the disposition of his petition for attorney's fees (and feeling *raptus regaliter*), appellee appealed to the Circuit Court for Montgomery County, arguing that the Commission's decision to award him only $500 for the estimated 10–15 hours of work he performed for Mr. Van Gorder, in pursuit of the Maryland Workers' Compensation claim, over the course of 2 and one-half years, was arbitrary and capricious. On 30 August 1990, the circuit court concluded that the award of $500 for attorney's fees was indeed arbitrary and capricious, and remanded the case to the Commission for a redetermination of the fee, suggesting that the fee be increased by at least $1,000. An order to that effect was entered on 18 September 1990.

## I

The threshold issue presented by this case, although neither party has raised it, is whether the Commission has standing to bring this appeal. The appellate courts of Maryland have not heretofore been called upon to determine whether the Workers' Compensation Commission, having appeared as appellee in the circuit court, may appeal the decision of the circuit court and appear as an appellant in this Court.

We and the Court of Appeals addressed the "flip side" of this question in *Mitchell v. Goodyear Service Store*, 63

Md.App. 426, 492 A.2d 984 (1985), *aff'd,* 306 Md. 27, 506 A.2d 1178 (1986).  There, on appeal to the circuit court, an attorney obtained for his client a significantly larger award than had been given by the Commission.  The attorney then requested from the Commission an additional fee of $12,-500, based on the larger award.  The client, after receiving independent legal advice, consented to the additional fee as requested.  There was, in other words, no dispute between lawyer and client as to the fee.  The Commission, nonetheless, awarded only $4,000, whereupon the attorney, in the name of and fully supported by the client, appealed, demanding a *de novo* trial on the amount of the fee.  The circuit court rejected the demand for a *de novo* trial, but found the fee awarded by the Commission inadequate and remanded the matter to the Commission for reconsideration.

The attorney, in the name of the client, appealed to this Court from the rejection of his demand for a *de novo* trial. Although nominally the client was the appellant and the employer was the appellee, we noted that "[t]he true appellee ... is the Workmen's Compensation Commission," 63 Md.App. at 429, 492 A.2d 984.  We affirmed the decision of the trial court in both respects—reviewing the fee award on an abuse of discretion standard and concluding that the fee set by the Commission was sufficiently inadequate to be arbitrary.  Applying the general rule that "usually an administrative agency may not appeal from a judgment of a court reversing the agency's order or decision," *id.* at 436, 492 A.2d 984, we further determined that the Commission had no standing to be an appellee in this Court and was therefore "an interloper." *Id.* at 437, 492 A.2d 984.

The Court of Appeals affirmed our conclusion with respect to the substance of the appeal, but expressed a different view as to the standing of the Commission to be an appellee.  Referring in part to the 1941 Report of a Committee Appointed to Survey the State Industrial Accident Commission (the former name of the Workers' Compensation Commission), chaired by S. Ralph Warnken, Esq., the Court observed, 306 Md. at 35–36, 506 A.2d 1178:

"In this instance Mitchell, the claimant, has consented to the fee. Consequently, no appearance is entered on his behalf. The amount of the fee ultimately to be paid by the claimant means nothing to the employer or its insurance company. Their liability is not affected one whit. We do not for one minute imply that counsel in this case is unscrupulous. The Warnken committee observed, however, in 1940, 'Claimants ... should be protected from unscrupulous lawyers.' If the Commission is not to be heard on the matter of a fee, there will be no one to appear before any court for the purpose of protecting claimants against unscrupulous lawyers."

On this basis, the Court went on to hold, at 36, 506 A.2d 1178:

"Given the provision in § 56 relative to the Attorney General's appearing for the Commission, the Commission's role in protecting claimants, and the numerous cases where we have permitted boards and agencies to appear before us as appellees where it is questionable whether they would have been permitted to appear as appellants, we conclude that in a case such as this the Commission should be permitted to appear as appellee in the circuit court and in the appellate courts to argue relative to the correctness of its decision as to the attorney's fee to be allowed."" (Footnote omitted).

In the footnote to that last sentence, the Court stated that it was reserving "the question as to whether the Workmen's Compensation Commission appearing as an appellee in the circuit court could be an appellant in the Court of Special Appeals." That, of course, is the question now before us.

We need not answer that question in its entirety. There may be circumstances in which the Commission ought not be permitted to appeal a decision of a circuit court. But that is not the case here.

Unlike the situation in *Mitchell*, the client here did *not* support the attorney's fee request. Indeed, he opposed it,

believing that more than 75% of it was unwarranted. Although the client was nominally a party to the attorney's appeal to the circuit court, there is no indication that he was present at the hearing or that the court heard from him in any way. In rendering his decision, the judge seemed to be more influenced by a past personal experience in which he was awarded less of a fee than he thought he deserved, than by the actual amount and value of the services rendered by Mr. May. Moreover, the parting comment, which we shall discuss shortly, that the Commission should consider an additional $1,000 as "an absolute minimum," unless challenged, could well have impelled the Commission to make such an award in the belief that anything less would again be stricken on a subsequent appeal.

Mr. Van Gorder—the client—has not appeared in this appeal. No doubt the expense of obtaining a lawyer and filing a brief would exceed the sixteen hundred dollars or so at risk. And so, unless the Commission is allowed to challenge the circuit court's decision, it will remain unchallenged—not necessarily because it is acceptable to the real parties in interest but probably because the client hasn't the wherewithal to fight further with his former attorney. In this setting, at least—where the attorney and the client are not in agreement, where the attorney has taken the appeal to the circuit court, where the circuit court has been too suggestive that an increase in the fee is called for, and where there is no indication that the client has knowingly and voluntarily acquiesced in that decision—the Commission should be allowed to appeal to this Court if it believes the circuit court's decision was wrong.

Although the Commission does not generally have a tangible interest in the outcome of an appeal from its decision, as does, for example, the Maryland Real Estate Commission, which administers a public fund that would be bound by appellate action, or the Maryland Attorney General's Consumer Protection Division, which occupies more of an adversarial/prosecutorial role in the administrative proceeding, *see Real Estate Commission v. Johnson,* 320 Md.

91, 95–97, 576 A.2d 760 (1990); *Consumer Protection Division v. Consumer Publishing Co., Inc.,* 304 Md. 731, 744–45, 501 A.2d 48 (1985), at least in this area of approving attorneys' fees it does have as its purpose the protection of the public. That purpose manifests itself under the circumstances of the case *sub judice,* in the Commission's determination of a fair and reasonable fee to award counsel for a claimant, and forms the basis of the Commission's public policy interest in the outcome of an appeal from such an award. We shall now proceed to a discussion of the merits of the Commission's contention.

## II

■ The Commission contends that the circuit court's conclusion, that the award of a $500 attorney's fee to appellee was arbitrary and capricious, is unsupported by evidence and thus clearly erroneous. We disagree.

In reviewing the award of attorney's fees by the Commission, the standard to be employed by the circuit court, as well as the appellate court, is limited to determining whether the Commission exceeded the powers granted to it by Md.Code Ann., art. 101, and whether it misconstrued the law and facts applicable to the case decided. Md.Code Ann., art. 101, § 56. *See also Mitchell v. Goodyear Service Store,* 63 Md.App. 426, 433–34, 492 A.2d 984 (1985), *aff'd,* 306 Md. 27, 506 A.2d 1178 (1986); *Mayor and City Council of Baltimore v. Bowen,* 54 Md.App. 375, 385, 458 A.2d 1242 (1983). The amount of such fees awarded is a decision within the sound discretion of the Commission and "it is not the province of the courts to constrain the legitimate exercise of the Commission's discretion." *Bowen, supra,* 54 Md.App. at 386, 458 A.2d 1242.

■ As a guide in determining the allowance and approval of attorney's fees, the Commission has adopted a "Statement of Policy," which provides, in relevant part:

Maximum fees for permanent partial disability cases shall be as follows:

1) An amount not to exceed 20% of the first $7,000.00 or the sum of $1,400.00.

2) On the amount in award from $7,001.00 to and including $25,000.00, an amount not to exceed 15% or $2,700.00.

3) On the amount in award in excess of $25,000.00, a fee not to exceed 10%.

*See Edmond v. Ten Trex,* 83 Md.App. 573, 577, 575 A.2d 1267 (1990). This fee schedule does not represent an *entitlement* to a specific amount of attorney's fees, but merely establishes the *maximum* fee that will be permitted. "So long as its action is not arbitrary, the Commission has every right to award less than the maximum; and, if it does so, the only issue on appeal becomes whether it has abused its discretion." *Mayor and City Council of Baltimore v. Bowen, supra,* 54 Md.App. at 386–87, 458 A.2d 1242. *See also Edmond v. Ten Trex, supra,* 83 Md.App. at 577, 575 A.2d 1267. Further, in *Edmond,* we observed that, "[i]n exercising its discretion to set the amount of attorney's fees, the Commission is required to protect the claimant against depletion of the compensation award by an excessive counsel fee." 83 Md.App. at 578, 575 A.2d 1267. The award should be based upon the work performed and the result obtained, and should be "fair and reasonable to claimant and counsel alike." *Mitchell, supra,* 63 Md.App. at 436, 492 A.2d 984.

In the case *sub judice,* the maximum fee that appellee could have received from Mr. Van Gorder's $12,075 award was $2,161.25. Appellee requested a fee of $2,100, although he did not participate in the settlement discussions or provide an itemization of the services he rendered on behalf of Mr. Van Gorder, beyond the general description:

conferences with the client, numerous telephone conversations with the claimant and the carrier, review of medical reports, review of vocational rehabilitation reports, an unsuccessful hearing to obtain jurisdiction in Virginia, communication with the treating physician, communication with the Workers' Compensation Commission, etc.

After reviewing appellee's petition, and suggesting that perhaps another hearing would be necessary if Mr. Van Gorder did not agree with the fee requested, the Commission raised the issue of notice to appellee, at which time the following ensued:

> THE COMMISSION: Mr. May isn't here. He did receive a notice.
>
> [COUNSEL FOR EMPLOYER AND INSURER]: Yes.
>
> THE COMMISSION: He received a notice. He's not here.
>
> [MR. VAN GORDER]: I asked him if he was going to show up. He said no.
>
> THE COMMISSION: Good. What do you think is a reasonably fair fee for any work he did for the Maryland case?
>
> [MR. VAN GORDER]: I'll say $500.
>
> THE COMMISSION: Five hundred dollars. *I'll allow it because the claimant says he's willing to pay that.* (Emphasis added.)

The statements of the Commission demonstrate what Justice Frankfurter meant when he said, "Words are clumsy tools, and it is very easy to cut one's fingers with them, and they need the closest attention in handling." [2] Although there was evidence concerning the nature of the services provided by appellee, and the amount of time he invested in rendering those services, the only basis for the award articulated by the Commission was the statement, "I'll allow it because the claimant says he's willing to pay that." Such a basis is clearly insufficient and well illustrates what is meant by an arbitrary and capricious award.[3]

---

**2.** Felix Frankfurter in *Some Reflections on the Reading of Statutes* (New York: The Association of the Bar of the City of New York, 1947, p. 29).

**3.** We reject, however, appellee's assertion that the Commission's use of the word "good," after being informed by Mr. Van Gorder that appellee had stated that he would not attend the hearing, discloses any bias against appellee on the part of the Commission. Rather, the

As noted in *Mitchell, supra,* 63 Md.App. at 436, 492 A.2d 984, the amount of attorney's fees awarded by the Commission should reflect the work performed by the attorney and the result obtained through his efforts, even though, as in the case *sub judice,* the attorney may be discharged prior to the final resolution of the case. Consequently, the Commission must place on the record its consideration of those factors to develop an adequate basis for determining the amount of such fees to award. The Commission's failure to do so in this case, and its decision to set the amount of the fee in accordance with what the claimant was willing to pay, mandates judicial intervention. Therefore, the circuit court's decision to vacate the award and remand the case to the Commission was entirely proper.

▇ We feel obligated to note, however, that the circuit court's "suggestion," in its order of 18 September 1990, that the Commission should increase the fee award by at least $1,000, is improper and no less arbitrary and capricious than the Commission's award of $500. On remand, the Commission is free to award any reasonable fee which, depending upon the evidence of record and the Commission's interpretation thereof, may be more or less than the previous award of $500, or remain the same. We offer no opinion, at this time, concerning the propriety of an award of $500, since we would deem any amount awarded solely on the basis that the claimant is willing to pay it, an abuse of discretion.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

context in which that word was used indicates to us that the Commission was simply acknowledging the fact that appellee had been provided with notice of the hearing and that his failure to appear at the hearing was a voluntary decision.