834 A.2d 985

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

v.

**Kenneth D. HEWITT.**

**No. 1772, Sept. Term, 2002.**

Court of Special Appeals of Maryland.

Oct. 31, 2003.

Eugene I. Kane, Assistant General Counsel (Cheryl C. Burke, General Counsel, Robert J. Kniaz, Deputy General Counsel on the brief), Washington, DC, for appellant.

Eric W. Borda (James I. McAuley, Chasen & Boscolo, Chartered on the brief), Greenbelt, for appellee.

Argued before DEBORAH S. EYLER, SHARER, PAUL E. ALPERT (Retired, Specially Assigned) JJ.

SHARER, Judge.

In this appeal, we are called upon to construe the language of a Workers' Compensation Commission rule governing the payment of approved fees to attorneys for successful claimants. Appellant, Washington Metropolitan Area Transit Authority ("WMATA"), noted an appeal from an order entered by the Maryland Workers' Compensation Commission ("the Commission") awarding a penalty, as a sanction for the late payment of attorney's fees, to counsel for Kenneth D. Hewitt, appellee. The entitlement to fees arose from an order of the Commission of May 25, 2001, ordering benefits to be paid to appellee as a result of a compensable injury.

Because neither party sought judicial review of the Commission's order, the provisions of the Commission's rules, as promulgated in the Code of Maryland Regulations ("CO-MAR") 14.09.01.24A(4),[1] came into play. Appellant issued a check for attorney's fees sixteen days after the time for appeal expired, which appellee deemed to be late and in violation of the Commission rule. As a result, appellee's counsel requested that the Commission assess late payment penalties.

Following a hearing before the Commission on September 24, 2001, WMATA was assessed a fine in the amount of 20% of the fee awarded by the Commission. WMATA sought judicial review of that order in the Circuit Court for Prince George's County. Appellee responded by filing a motion for summary

---

1. COMAR 14.09.01.24A(4)provides in pertinent part:

An award by the Commission approving an attorney's fee under this regulation shall be notice to the party responsible for payment to reserve in escrow the amount of fee approved. That party shall remit the approved fee to the attorney immediately after the expiration of the 30 day appeal period if an appeal is not filed. If an appeal is timely filed, the party responsible for payment shall continue to reserve in escrow the amount of the fee approved by the Commission pending final determination of the appeal. If the parties agree that an appeal will not be filed, the fee may be remitted to the attorney before expiration of the 30 day period.

judgment. A motions hearing was held on August 23, 2002, at the conclusion of which the court granted summary judgment in favor of appellee and remanded the matter to the Commission for issuance of an Order affirming its September 24, 2001 Order. WMATA noted a timely appeal to this court on September 23, 2002.

WMATA presents two questions for review, as recast:

I. Whether as a matter of law WMATA is entitled to fifteen (15) days following the expiration of the appeal period of a Maryland workers' compensation award of benefits to make timely payment of attorneys fees?

II. Whether the Commission erred in awarding sanctions where the employer established good cause for the delay in payment and the claimant suffered no prejudice by reason of the payments?

We answer both questions in the negative, and shall affirm.

## FACTUAL and PROCEDURAL HISTORY

On August 13, 1998, appellee sustained an injury arising out of, and in the course of, his employment with WMATA. Appellee filed a workers' compensation claim and a hearing was held on May 18, 2001, before the Commission. The Commission issued its Order on May 25, 2001, awarding appellee both temporary total disability and permanent partial disability. Additionally, the Commission awarded appellee's counsel attorney's fees in the amount of $3,365, plus $96.92 in advanced costs, to be paid out of the final weeks of appellee's compensation.[2]

When the time in which to seek judicial review of the Commission's order expired on June 25, 2001, neither party had filed a notice of judicial review. The checks satisfying the Commission's order for attorney's fees were issued and mailed on July 10, 2001, and received by appellee's counsel on July 11, 2001. As a result of the delay, appellee filed issues with the

---

2. The Commission also awarded medical expenses in the amount of $220.

Commission requesting a hearing on whether a penalty for late payments of attorney's fees should be assessed against WMATA.

On September 20, 2001, the Commission held a hearing on the issue of late payment of attorney's fees. Appellee argued that attorney's fees should have been paid immediately after the expiration of the appeal period, as required by COMAR 14.09.01.24A(4). At the hearing, the Commissioner inquired into the exact date the check for fees was paid:

THE COMMISSION: When was the check paid?

\* \* \*

[APPELLANT'S ATTORNEY]: It got sent about sixteen days after the date of the appeal period expiring.

THE COMMISSION: What was the date of the mailing?

[APPELLANT'S ATTORNEY]: July 10th. We received it on July 11th. The checks were cut and mailed July 10th, which is forty-six days after the order.

[APPELLANT'S ATTORNEY]: No dispute about that, Your Honor. Sixteen days after it became due as under the regs. [*sic* ], and that's when we issued the check. We think that's reasonable.

The Commission issued an Order on September 24, 2001, finding that WMATA had failed to pay the Order of May 25, 2001, in a timely manner pursuant to COMAR 14.09.01.24A(4). A fine of 20% of the legal fee awarded was assessed as a penalty, in accordance with § 9–728 of the Labor and Employment Article.[3]

---

3. Md.Code Ann., Lab. & Empl. § 9–728 (1999 Repl.Vol.) provides:

(a) *Within 15 days.*—If the Commission finds that an employer or its insurer has failed, without good cause, to begin paying an award within 15 days after the later of the date that the award is issued or the date that payment of the award is due, the Commission shall assess against the employer or its insurer a fine not exceeding 20% of the amount of the payment.

(b) *Within 30 days.*—If the Commission finds that an employer or its insurer has failed, without good cause, to begin paying an award within 30 days after the later of the date that the award is issued or

WMATA originally appealed the decision of the Commission to the Circuit Court for Montgomery County on October 23, 2001. That court granted appellee's motion to transfer, based on improper venue, on November 26, 2001, and the appeal was transferred to the Circuit Court for Prince George's County.[4]

Appellant's appeal of the Commission's decision was heard on August 23, 2002. The fact that the checks were mailed sixteen days after the expiration of appellee's appeal was undisputed. In support of its argument of timely payment, appellant's counsel stated:

THE COURT: Didn't you tell—I'm sorry to interrupt you. Didn't you tell the commission it was 16 days afterwards?

[APPELLANT'S ATTORNEY]: Sixteen days after—doing it mathematically, yes.

THE COURT: I mean, you basically conceded to the—that it was a day late?

[APPELLANT'S ATTORNEY]: No, I said it was 16 days. I never said it was late. I said I thought that was still timely.

In granting appellee's motion for summary judgment, the court stated:

All right. I'm going to grant the motion for summary judgment in this case and for this reason: It always is interesting to see how other judges look at things. To me the phrase "The parties shall remit the approved fee to the attorney immediately" is not a legal issue that a judge or a commissioner would have equal standing under a statutory scheme.

---

the date that payment of the award is due, the Commission shall assess against the employer or its insurer a fine not exceeding 40% of the amount of the payment.

(c) *Payment to covered employee.*—The Commission shall order the employer or insurer to pay a fine assessed under this section to the covered employee.

4. WMATA had previously obtained a favorable ruling on similar facts from the Circuit Court for Montgomery County.

To me "Shall remit the fee immediately" is a factual matter. We all know what the word immediately means. Immediately means right away, you do it right now, you do it as soon as you can, you do it as soon as the predicate that requires you to do it do it[sic]. It's—to me that is a factual matter, and therefore I believe that the Workers Compensation Committee [sic] is presumed to be correct in that matter.

I also find—well, I will also grant the motion for summary judgment totally. I don't think whether or not there was an abuse of discretion has been properly raised, and even if it had been properly raised, I mean, I have not seen that pleaded anywhere. Even if it had been properly raised that is not a matter for a circuit court jury, so I'm going to sign the order in the file granting the motion for summary judgment.

## STANDARD of REVIEW

A decision of the Commission is prima facie correct and the burden of proof is upon the party attacking the decision. *Blake Construction Co. v. Wells,* 245 Md. 282, 286, 225 A.2d 857 (1967). "[I]f the mind of the trier of facts is in equal balance on the evidence in the record, the finding of the Commission should be affirmed." *Blake Construction Co.,* *supra,* 245 Md. at 286–87, 225 A.2d 857 (citing *Greenwalt v. Brauns Bldg. Specialties Corp.,* 203 Md. 313, 318, 100 A.2d 804 (1953)). The standard of review for workers' compensation cases requires the examination of three factors: "(1) did the Commission justly consider all the facts 'concerning the injury'; (2) did it exceed the powers granted to it by art. 101;[5] and (3) did it misconstrue the law and facts 'applicable in the case decided'?" *Mayor & City Council of Baltimore v. Bowen,* 54 Md.App. 375, 385, 458 A.2d 1242 (1983). The Workers' Compensation Act ("the Act")[6] " 'should be construed as

---

**5.** Now Labor and Employment.

**6.** The Workers' Compensation Act is codified in Title 9 of the Labor and Employment Article of the Maryland Code (1999 Repl.Vol.).

liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes' and . . . any uncertainty 'should be resolved in favor of the claimant.' " *Holy Cross Hospital v. Nichols,* 290 Md. 149, 162, 428 A.2d 447 (1981) (quoting *Howard County Ass'n for Retarded Citizens v. Walls,* 288 Md. 526, 530, 418 A.2d 1210 (1980)).

When reviewing an award of attorney's fees by the Commission, the standard of review utilized by both the circuit and appellate courts is "limited to determining whether the Commission exceeded the powers granted to it by [former] Md.Code Ann., art. 101, and whether it misconstrued the law and facts applicable to the case decided." *Workers' Compensation Comm'n v. May,* 88 Md.App. 408, 416, 594 A.2d 1232 (1991) (citing former Md.Code Ann., art. 101, § 56). *See also Mitchell v. Goodyear Serv. Store,* 63 Md.App. 426, 433–34, 492 A.2d 984 (1985), *aff'd,* 306 Md. 27, 506 A.2d 1178 (1986). The amount of such fees awarded is a decision within the sound discretion of the Commission, and "it is not the province of the courts to constrain the legitimate exercise of the Commission's discretion." *May, supra,* 88 Md.App. at 416, 594 A.2d 1232 (quoting *Bowen, supra,* 54 Md.App. at 386, 458 A.2d 1242).

## DISCUSSION

### I. Is WMATA entitled, as a matter of law, to fifteen (15) days following the expiration of the appeal period of a Maryland workers compensation award of benefits to make timely payment of attorneys fees?

Appellant argues that its payment of attorney's fees pursuant to Commission orders is governed by both § 9–727 of the Labor and Employment Article and COMAR 14.09.01.24A(4). From that premise, WMATA draws the conclusion that the provisions of COMAR 14.09.01.24A(4), requiring the payment of attorney's fees "immediately" after the expiration of a claimant's thirty day appeal period, and § 9–727 of the Labor and Employment Article, giving an employer fifteen days to pay any award of compensation, should be read together. Essentially, they ask us to graft the language of

§ 9–727 onto the provisions of COMAR 14.09.01.24A(4), thereby allowing forty-five days from the entry of the Commission's order of compensation for the payment of attorney's fees. We decline the invitation, for to do so would subvert the immediacy of the Commission's rule. Appellee properly argues that the fifteen day provision regarding the payment of compensation to the claimant is not applicable to the payment of attorney's fees, and therefore WMATA does not receive the benefit of an additional fifteen days to pay the fees ordered by the Commission.

This case is, in essence, one of statutory construction. The cardinal rule of statutory construction is to determine and effectuate the intent of the Legislature. *Bowen v. Smith*, 342 Md. 449, 454, 677 A.2d 81 (1996) (citing *Shah v. Howard County*, 337 Md. 248, 254, 653 A.2d 425 (1995)). The principal source for determination of legislative intent is the language of the statute itself. *Lovellette v. Mayor & City Council of Baltimore*, 297 Md. 271, 282, 465 A.2d 1141 (1983). If the statutory language is clear and unambiguous, we need not look beyond the language to determine legislative intent. *Marriott Employees Fed. Credit Union v. Motor Vehicle Admin.*, 346 Md. 437, 445, 697 A.2d 455 (1997)(citing *Kaczorowski v. Mayor & City Council of Baltimore*, 309 Md. 505, 515, 525 A.2d 628 (1987)).

If a statute is ambiguous, or susceptible to more than one meaning, "courts must consider not only the literal or usual meaning of the words but also the meaning of the words in light of the statute as a whole and within the context of the objectives and purposes of the enactment." *Marriott Employees Fed. Credit Union, supra*, 346 Md. at 445, 697 A.2d 455 (citing *Romm v. Flax*, 340 Md. 690, 693, 668 A.2d 1 (1995)). When interpreting statutes, courts "seek to avoid constructions that are illogical, unreasonable, or inconsistent with common sense." *Id.* (quoting *Frost v. State*, 336 Md. 125, 137, 647 A.2d 106 (1994)). We find no ambiguity in Lab. & Empl. § 9–727.

■  When considering the validity of a regulation promulgated by an administrative agency, the prevailing standard of review is whether the regulation is " 'consistent. with the letter and spirit of the law under which the agency acts.' " *Lussier v. Maryland Racing Comm'n,* 343 Md. 681, 687, 684 A.2d 804 (1996) (quoting *Christ v. Department of Natural Res.,* 335 Md. 427, 437, 644 A.2d 34 (1994) (citations omitted)). The Court of Appeals has consistently held "where the Legislature has delegated such broad authority to a state administrative agency to promulgate regulations in an area, the agency's regulations are valid under the statute if they do not contradict the statutory language or purpose." *Lussier, supra,* 343 Md. at 688, 684 A.2d 804. We find nothing in the Commission's rule that would contradict the statutory language or purpose of the Labor and Employment Article.

■  Having determined that the fifteen day requirement for the payment of claimant's benefits has no implication on the payment of attorney's fees, we must construe whether a payment made sixteen days after the expiration of the appeal period has been made "immediately." In lay terms, "immediately" is defined as "instantly; without delay." THE NEW OXFORD AMERICAN DICTIONARY, 849 (Oxford Univ. Press 2001). In the legal context, "immediately" has been construed to mean "without interval of time, without delay, straightaway, without any delay or lapse of time." *Drumbar v. Jeddo–Highland Coal Co.,* 155 Pa.Super. 57, 37 A.2d 25, 27 n.4 (Pa.Super.Ct.1944) (citation omitted).

The words "immediately" and "forthwith" have generally the same meaning and are stronger than the expression "within a reasonable time" and imply prompt, vigorous action without any delay. *Alsam Holding Co. v. Consolidated Taxpayers' Mut. Ins. Co.,* 167 Misc. 732, 4 N.Y.S.2d 498, 505 (N.Y.Mun.Ct.1938); BLACK'S LAW DICTIONARY 751 (7th ed.1999). The Court of Appeals has defined "forthwith" in the context of the notice requirement of an insurance policy, to mean " 'with due diligence, or without unnecessary procrastination or delay, under all the circumstances of the case.' " *Argyrou v. State,*

349 Md. 587, 603, 709 A.2d 1194 (1998) (quoting *Edwards v. Baltimore, Fire Ins. Co.*, 3 Gill 176, 188 (1845)). *See Ervin v. Beland,* 251 Md. 612, 617, 248 A.2d 336 (1968) (various definitions of "forthwith").

We conclude that the trial court was correct in saying that "[w]e all know what the word immediately means. Immediately means right away, you do it right now, you do it as soon as you can, you do it as soon as the predicate that requires you to do it [is met]." We agree with the trial court that "immediately" is subject to no other reasonable interpretation than "do it now," and that sixteen days does not satisfy the imperative action required by the use of the word "immediately" in the rule.

## II. Did the Commission err in awarding sanctions where the employer established good cause for the delay in payment and where the claimant suffered no prejudice by reason of the payments?

Appellant asserts that the sixteen day delay was reasonable in the circumstances. However, we find no evidence in the record to support a reasonable basis for the delay. There is no explanation for the fact that the checks were not mailed until July 10 when, in fact, the appeal period expired on June 25. Appellant explains to us now that it is its "standard procedure," but the record does not support reasonableness of the "standard procedure." [7] No evidence was offered to the trial court that might have explained or justified the sixteen day delay. Because the trial court determined that "immediately" did not mean sixteen days, and because it was offered no explanation for the delay, we cannot fault the court's conclusion.

As we have noted, it is appellant's posture that, even if it is not entitled to the additional fifteen days, as claimed, there

---

7. Counsel for appellee advised us at oral argument that the only employer/insurer with whom his firm deals to employ such a "standard procedure" that is, the fifteen day delay, is appellant. His assertion went unchallenged.

were circumstances that excused the delayed payment. Rather than offer evidence, however, appellant supported its position before the motions judge by reliance upon a decision of the Circuit Court for Montgomery County finding that employers and insurers were, in fact, entitled to the additional fifteen days after the expiration of the appeal period. The court in the case *sub judice* allowed that, while the Montgomery County decision was interesting, it was not precedent. Appellant might have escaped the entry of summary judgment by presenting probative evidence to explain the delay. As we have seen, it did not.

Therefore, we hold that Lab. & Empl. § 9–727 does not automatically entitle an employer or insurer to withhold payment of ordered attorney's fees for an additional fifteen days after the expiration of the time for seeking judicial review of an order of the Commission. We hold further that, under the facts of this case, there was no justification for appellant not to remit the attorney's fees "immediately" after the expiration of the 30 day appeal period, as required by COMAR 14.09.01.24A(4).

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED; COSTS ASSESSED TO APPELLANT.**